```
            IN THE UNITED STATES DISTRICT COURT
              FOR THE DISTRICT OF NEW JERSEY
```

| | |
|---|---|
| FRANCIENNA GRANT, | HONORABLE JEROME B. SIMANDLE |
| Plaintiff, | |
| v. | Civil Action<br>No. 12-5857 (JBS/KMW) |
| REVERA INC./REVERA HEALTH SYSTEMS, PRISCILLA MILLER, *IN HER OFFICIAL CAPACITY AS REHABILITATION DIRECTOR*, PREMIER THERAPY SERVICES, and JOHN OR MARY DOES, | **MEMORANDUM OPINION** |
| Defendants. | |

**SIMANDLE, Chief Judge:**

In this employment litigation, pro se Plaintiff, Francienna Grant (hereinafter, "Plaintiff"), moves for "reargument of dispositive motions" [Docket Item 96], presumably as a result of the Court's December 23, 2014 Opinion and Order, which denied Plaintiff's motion for summary judgment, granted Defendants' motion for summary judgment, and dismissed Plaintiff's Complaint.  See Grant v. Revera Inc./Revera Health Sys., No. 12-5857, 2014 WL 7341198 (D.N.J. Dec. 23, 2014).  The Court finds as follows:

1.   Plaintiff filed the initial Complaint in this action in the Eastern District of Pennsylvania on June 15, 2012.  See id. at *6.  The Eastern District of Pennsylvania transferred this action to this Court on August 20, 2012 and, following

pretrial factual discovery in this District, the parties filed cross-motions for summary judgment.  See id.

2.   In a forty-six page decision dated December 23, 2014, the Court discussed, at great length, Plaintiff's claims that Defendants: (1) failed to accommodate her disability; (2) failed to accommodate her religion; (3) failed to intervene in the face of workplace harassment; (4) subjected Plaintiff to unequal terms and conditions of employment; (5) wrongfully terminated and retaliated against Plaintiff in violation of the Americans with Disabilities Act, 42 U.S.C. §§ 12112-12117 (hereinafter, "ADA"); (6) breached Plaintiff's employment contract; and (7) committed fraud by terminating Plaintiff under false allegations.  See generally id.  Following a comprehensive discussion of the record evidence, the Court concluded that Plaintiff failed to exhaust her religious accommodation claims, id. at *9, and adduced no, or insufficient evidence, in support of any legally cognizable claims for breach of contract, for fraud, and/or for ADA discrimination under multiple theories.[1] Id. at *10-*15.  The Court, accordingly, denied Plaintiff's

---

[1] Given the substantive nature of Plaintiff's allegations concerning Defendants' alleged application of "[u]nequal terms and conditions of employment," the Court found that such assertion constituted an additional theory of relief in connection with Plaintiff's ADA discrimination claim, rather than an independent claim.  See Grant, 2014 WL 7341198, at *1 n.2.

2

motion for summary judgment, granted Defendants' motion for summary judgment in its entirety, and dismissed Plaintiff's Complaint. Id. at *16.

3. Plaintiff now moves for "reargument of dispositive motions," but nowhere references the Court's prior Opinion, nor challenges any of the Court's prior findings. (See Pl.'s Notice of Mot.) Rather, in support of her request, Plaintiff has appended various briefs and documents substantively identical to those reviewed by the Court in connection with Plaintiff's earlier motion for summary judgment.[2] (See generally Pl.'s Br.) Plaintiff, in particular, reargues: that Defendants violated her protected rights under the ADA; that she properly exhausted her religious accommodation claim; that Defendants breached the alleged employment contract; and that Defendants committed fraud, and requests that summary judgment be granted in her favor. (See Pl.'s Br. at 35-52.) Defendants, in turn, submit that Plaintiff's motion lacks merit, because she "merely reasserts the same arguments" raised in the prior submissions, and "has failed to articulate any reason for the Court to reconsider its denial of her motion for summary judgment and [the] grant[ing] of Defendants' motion for summary judgment." (Defs.' Opp'n at 1.)

---

[2] Indeed, Plaintiff appends, in part, her prior brief. (See generally Pl.'s Br. at 23-29.)

4. Local Civil Rule 7.1(i) provides that a party moving for reconsideration[3] must set forth "concisely the matter or controlling decisions which the party believes" the Court "overlooked" in its prior decision. L. Civ. R. 7.1(i). "As such, a party seeking reconsideration must satisfy a high burden, and must rely on one of three grounds: (1) an intervening change in controlling law; (2) the availability of new evidence not available previously; or (3) the need to correct a clear error of law or prevent manifest injustice." Altana Pharma AG v. Teva Pharm. USA, Inc., No. 04-2355, 2009 WL 5818836, at *1 (D.N.J. Dec. 1, 2009) (citing Max's Seafood Café ex rel. Lou-Ann, Inc. v. Quinteros, 176 F.3d 669, 677 (3d Cir. 1999); N. River Ins. Co. v. CIGNA Reinsurance Co., 52 F.3d 1194, 1218 (3d Cir. 1995)).

5. A motion for reconsideration, however, constitutes an extremely limited procedural vehicle, and does "not provide the parties with an opportunity for a second bite at the apple," Tishcio v. Bontex, Inc., 16 F. Supp. 2d 511, 532 (D.N.J. 1998), nor "a vehicle to relitigate old matters or argue new matters

---

[3] Though styled as a motion for "reargument of dispositive motions," the overwhelming weight of authority in this District makes clear that, reconsideration and reargument are interchangeable terms, and, however denominated, are governed by Local Civil Rule 7.1(i). See, e.g., Abdullah v. Dep't of Corrs., No. 05-4236, 2007 WL 275719, at *2 n.2 (D.N.J. Jan. 29, 2007); Veggian v. Camden Bd. of Educ., No. 05-0070, 2006 WL 3109741, at *1 n.1 (D.N.J. Oct. 31, 2006).

that could have been raised before the court made its original decision." Manning v. Merrill Lynch, Pierce, Fenner & Smith, Inc., No. 12-4466, 2013 WL 2285955, at *2 (D.N.J. May 23, 2013) (citing Asset Mgmt., LLC v. Cendant Corp., 161 F. Supp. 2d 349, 352 (D.N.J. 2001; Tishcio, 16 F. Supp. 2d at 532). Indeed, "[m]ere disagreement with the Court will not suffice to show that the Court overlooked relevant facts or controlling law and should be dealt with through the normal appellate process." Schiano v. MBNA Corp., No. 05-1771, 2006 WL 3831225, *2 (D.N.J. Dec. 28, 2006) (internal citations omitted). Therefore, in order for reconsideration to be warranted, the party seek reconsideration must specifically rely upon one of the qualifying bases, see L. Civ. R. 7.1(i), and not merely a recapitulation of prior cases and arguments, nor an expression of disagreement with the Court's earlier decision. See Shevline v. Phoenix Life Ins., No. 09-6323, 2015 WL 348552, at *1 (D.N.J. Jan. 23, 2015).

6. Moreover, Local Civil Rule 7.1(i) requires that a motion for reconsideration be served and filed within 14 days following entry of the Order on the original motion. See L. Civ. R. 7.1(i). Here, however, because Plaintiff received electronic service of the Court's December 23, 2014 Opinion and Order, Federal Rule of Civil Procedure 6(d) requires the addition of three days to the fourteen day period set forth by Local Civil

Rule 7.1(i). Consequently, in order to be timely, Court Rules required any motion for reconsideration be filed by no later than January 9, 2015. Plaintiff, however, did not file her motion for "reargument" until January 20, 2015, eleven days outside the fourteen-day period prescribed by Local Civil Rule 7.1(i). Therefore, the Court finds that Plaintiff's motion can be denied on that ground alone. See Mitchell v. Twp. of Willingboro Mun. Gov't, 913 F. Supp. 2d 62, 78 (D.N.J. 2012) (citing cases, and denying a motion for reconsideration as untimely).

    7. Despite the timeliness issue, however, the Court finds that additional reasons support the denial of Plaintiff's motion. Critically, Plaintiff's submission does not identify, as required by Local Civil Rule 7.1(i), "an intervening change in controlling law," the presence of new, previously unavailable, evidence, nor "the need to correct a clear error of law or [to] prevent manifest injustice." Altana Pharma AG, 2009 WL 5818836, at *1; see also L. Civ. R. 7.1(i). Indeed, Plaintiff's submissions do not challenge the Court's prior Opinion in any respect. (See generally Pl.'s Br.) Rather, Plaintiff merely recapitulates, in substantively identical fashion, all of Plaintiff's prior arguments concerning the record evidence in support of her various claims. (Compare Pl.'s Br. [Docket Item 96], with Pl.'s Mot. for Summ. J. [Docket

6

Item 78], Pl.'s Reply [Docket Item 86], and Pl.'s Sur-reply [Docket Item 88].)

8.   The Court's December 23, 2014 decision, however, expressly rejected each of Plaintiff's recapitulated arguments, and exhaustively addressed the record evidence proffered by both parties in connection with their respective motions for summary judgment.  See Grant, 2014 WL 7341198, at *9-*15.  In that regard, Plaintiff's motion constitutes little more an expression of disagreement with the Court's prior decision, a ground patently insufficient for purposes of reconsideration.  See, e.g., Ezeiruaku v. Bull, No. 14-2567, 2014 WL 7177128 (D.N.J. Dec. 16, 2014).  Nevertheless, the Court will briefly address each claim.

9.   With respect to Plaintiff's religious accommodation claim, the Court's Opinion explained, in great detail, the requirement that Plaintiff exhaust administrative remedies by timely submitting a charge of discrimination with the EEOC. Grant, 2014 WL 7341198, at *8.  In addition, the Court set forth, with specificity, the reasons why Plaintiff's EEOC "disability" and "relation" charge failed to include any claim for religious accommodation.  See id. at *8-*9.  Indeed, the Court found her religious claims "well beyond the confines of her EEOC charge," because it contained "no reference to any discrimination based upon Plaintiff's religion."  Id. at *8.

7

Therefore, the Court concluded that Plaintiff failed to exhaust her religious accommodation claims, and that, in any event, the time for exhaustion "ha[d] long since expired." Id. at *9. In the pending motion, Plaintiff does not dispute the basis for the Court's conclusion, nor its ultimate finding, but instead simply reasserts her contrary position on the issue of exhaustion. (See Pl.'s Br. at 35-36.) As stated above, however, Plaintiff's disagreement with the Court's evaluation fails to constitute a valid basis for reconsideration. See Shevline, 2015 WL 348552, at *1.

    10. In connection with Plaintiff's claim for breach of contract, the Court considered Plaintiff's position that Defendants' breached their obligations under the employee handbook. See Grant, 2014 WL 7341198, at *9. In so considering, the Court summarized the limited circumstances under which an employment manual could give rise to an implied contract of employment, and compared those circumstances with the parties' proffer. See id. The Court, however, concluded that Plaintiff "produced no evidence from which a reasonable juror could conclude" that a contract, implied or otherwise, governed the parties' employment relationship, nor did she dispute the language, placement, or efficacy of the disclaimer set forth in the employee handbook. Grant, 2014 WL 7341198, at *10. In requesting "reargument," Plaintiff does not challenge

these determinations. (See Pl.'s Br. at 38-40.) Rather, Plaintiff simply restates her position that the employee handbook created a contractual arrangement. (See id.) Again, however, Plaintiff's contrary opinion as to the merits of her claim does not provide a basis for reconsideration.

    11. With regard to Plaintiff's fraud claim, the Court considered Plaintiff's position that: "(1) Defendants terminated her under false allegations; and (2) that Defendants used malicious means to defame her good name and threaten her professional license and well-being." Grant, 2014 WL 7341198, at *10. The Court, however, found that Plaintiff proffered "no factual support for her fraud claim, much less the surrounding circumstances necessary to state a prima face fraud claim," nor had she "produced any evidence in support of her assertions." Grant, 2014 WL 7341198, at *11. In the pending motion, Plaintiff does not proffer new, previously unavailable evidence, nor a need to correct any error in fact or law. (See Pl.'s Br. at 40-42.) Rather, Plaintiff relies upon the same nebulous, unsupported allegations of the variety routinely found insufficient to support a viable fraud claim (see id.), and already rejected by this Court. See Grant, 2014 WL 7341198, at *11. Therefore the Court finds reconsideration unwarranted as to this claim, as well.

9

12. Finally, with respect to Plaintiff's claims of discrimination under the ADA, the Court exhaustively addressed Plaintiff's assertions that "Defendants failed to reasonably accommodate her disability, unlawfully terminated her employment on the basis of her disability, subjected Plaintiff to a hostile work environment, and retaliated against her for filing a workers' compensation claim." Id. at *11. In light of the record evidence, however, the Court found that Plaintiff adduced no evidence in support of a cognizable claim for discrimination pursuant to any theory under the ADA. Id. at *11-*16. In support of the pending motion, Plaintiff has substantially recopied and refiled her prior brief in support of summary judgment, but has not otherwise identified new, previously unavailable, evidence, nor stated that the Court committed any error in reaching its ultimate conclusion. (Compare Pl.'s Br. at 43-52, with Pl.'s Mot. for Summ. J. at 1-3 and Pl.'s Sur-reply at 5-6.) Therefore, this claim too requires no consideration.

13. For all of these reasons, the Court finds that Plaintiff's motion fails to identify valid grounds for reconsideration, particularly because Plaintiff's brief nowhere references the Court's prior Opinion, nor specifically challenges any of its findings. Nevertheless, the Court finds Plaintiff's reiterated arguments to be without merit for the

reasons stated in the Court's December 23, 2014 Opinion.  See generally Grant, 2014 WL 7341198. Plaintiff's motion for reconsideration will, accordingly, be denied.

    14.  An accompanying Order will be entered.

 **February 24, 2015**                  **s/ Jerome B. Simandle**
Date                                  JEROME B. SIMANDLE
                                       Chief U.S. District Judge