```
            IN THE UNITED STATES DISTRICT COURT
              FOR THE DISTRICT OF NEW JERSEY
```

| | |
|---|---|
| FRANCIENNA GRANT, | HONORABLE JEROME B. SIMANDLE |
| Plaintiff, | |
| v. | Civil Action<br>No. 12-5857 (JBS/KMW) |
| REVERA INC./REVERA HEALTH SYSTEMS, PRISCILLA MILLER, *IN HER OFFICIAL CAPACITY AS REHABILITATION DIRECTOR*, PREMIER THERAPY SERVICES, and JOHN OR MARY DOES, | MEMORANDUM OPINION |
| Defendants. | |

**SIMANDLE, Chief Judge:**

In this employment litigation, pro se Plaintiff Francienna Grant (hereinafter, "Plaintiff") moves for "reconsideration" of the Court's February 24, 2015 decision denying Plaintiff's motion for "reargument" of the Court's December 23, 2014 decision, which denied Plaintiff's motion for summary judgment, granted Defendants' motion for summary judgment, and dismissed Plaintiff's Complaint. [Docket Item 102.] The Court finds as follows:

1. Plaintiff filed the initial Complaint in this action in the Eastern District of Pennsylvania on June 15, 2012. See generally Grant v. Revera Inc./Revera Health Sys., No. 12-5857, 2014 WL 7341198, at *6 (D.N.J. Dec. 23, 2014). The Eastern District of Pennsylvania transferred this action to this Court

on August 20, 2012 and, following pretrial factual discovery in this District, the parties filed cross-motions for summary judgment.  See id.

2.  In a forty-six page decision dated December 23, 2014, the Court discussed, at great length, Plaintiff's claims that Defendants: (1) failed to accommodate her disability; (2) failed to accommodate her religion; (3) failed to intervene in the face of workplace harassment; (4) subjected Plaintiff to unequal terms and conditions of employment; (5) wrongfully terminated and retaliated against Plaintiff in violation of the Americans with Disabilities Act, 42 U.S.C. §§ 12112-12117 (hereinafter, "ADA"); (6) breached Plaintiff's employment contract; and (7) committed fraud by terminating Plaintiff under false allegations.  See generally id.  Following a comprehensive discussion of the record evidence, the Court concluded that Plaintiff failed to exhaust her religious accommodation claims, id. at *9, and adduced no, or insufficient evidence, in support of any legally cognizable claims for breach of contract, for fraud, and/or for ADA discrimination under multiple theories. Id. at *10-*15.  The Court, accordingly, denied Plaintiff's motion for summary judgment, granted Defendants' motion for summary judgment in its entirety, and dismissed Plaintiff's Complaint.  Id. at *16.

3. On January 20, 2015, Plaintiff filed her first motion for "reargument of dispositive motions." [Docket Item 96.] Plaintiff's first motion contained no reference to the Court's prior Opinion, nor any specific challenges to the Court's prior findings. [See generally id.] Rather, Plaintiff appended various briefs and documents substantively identical to those reviewed by the Court in connection with Plaintiff's earlier motion for summary judgment. [See generally id.]

4. In the Court's February 24, 2015 decision on Plaintiff's first motion, the Court found that Plaintiff's did not identify a basis for reconsideration under Local Civil Rule 7.1(i). See Grant, 2015 WL 794992, at *3 (D.N.J. Feb. 24, 2015). Rather, Plaintiff merely "recapitulate[d], in substantively identical fashion," all of her "prior arguments concerning the record evidence in support of her various claims." Id. For that reason, the Court concluded that Plaintiff's motion amounted to "little more than an expression of disagreement with the Court's prior decision, a ground patently insufficient for purposes of reconsideration."[1] Id. Nevertheless, the Court proceeded to briefly address each of

---

[1] The Court further noted that Plaintiff failed to file her motion within the timeframe provided by Federal Rule of Civil Procedure 6(d) and Local Civil Rule 7.1(i). See Grant, 2015 WL 794992, at *2. Despite this fatal deficiency, the Court still, however, considered the merits of Plaintiff's motion. See id. at *4-*5.

3

Plaintiff's claims anew, and found that none warranted reconsideration.  Id. at *3-*4.

   5.   In her second motion, Plaintiff now asserts that reconsideration is warranted because the Court purportedly failed to "render a ruling" on Plaintiff's motion for summary judgment, and because the Court deprived Plaintiff of her "constitutional right" to be "heard through oral argument." [Docket Item 102-1 at 1-8.]  The Court will deny Plaintiff's motion on two grounds.

   6.   First, Local Civil Rule 7.1(i) provides no mechanism for reconsideration of an order denying reconsideration.  See Mitchell v. Twp. of Pemberton, No. 09-810, 2010 WL 2540466, at *7 n.12 (D.N.J. June 17, 2010) (finding successive motions for reconsideration prohibited under the Local Rule); Caldwell v. Vineland Police Dep't, No. 08-4099, 2010 WL 703179, at *2 (D.N.J. Feb. 23, 2010) (same).  Rather, the appropriate procedure for challenging this Court's decision to enter judgment in Defendants' favor and to deny reconsideration is an appeal to the Court of Appeals for the Third Circuit.  See FED. R. APP. P. 4(a).

   7.   Second, even if Plaintiff's motion could be brought pursuant to Local Civil Rule 7.1(i), Plaintiff has failed to identify an intervening change in controlling law, the presence of new, previously unavailable, evidence, nor the need to

4

correct a clear error of law or to prevent manifest injustice. See Max's Seafood Café ex rel. Lou-Ann, Inc., v. Quinteros, 176 F.3d 669, 677 (3d Cir. 1999).  Rather, Plaintiff merely reiterates her contrary view of the record evidence considered by the Court in its December 23, 2014 decision, and revisited in its February 24, 2015 decision.[2]  [See generally Docket Item 102-1 at 1-2, 7-8.]  Plaintiff's disagreement with the Court's resolution of the parties' cross-motions for summary judgment, however, fails to make a case for reconsideration under Local Civil Rule 7.1(i).[3]  See Tishcio v. Bontex, Inc., 16 F. Supp. 2d 511, 532 (D.N.J. 1998) (noting that a motion for reconsideration constitutes an extremely limited procedural vehicle, and does "not provide the parties with an opportunity for a second bite at the apple"); see also Schiano v. MBNA Corp., No. 05-1771, 2006 WL 3831225, *2 (D.N.J. Dec. 28, 2006) (finding that mere disagreement "should be dealt with through the normal appellate process").

---

[2] Indeed, Defendants oppose Plaintiff's second motion on precisely that basis.  [See Docket Item 103 at 4 (arguing that Plaintiff "continues to pursue the same arguments" and to express the "same general disagreement" with the Court's prior Opinions).]

[3] Despite Plaintiff's assertions, the Court's December 23, 2014 decision plainly reflects a detailed consideration of Plaintiff's motion for summary judgment.  See generally Grant, 2014 WL 7341198.

8. Nor can the Court find any merit to Plaintiff's position that the Court's decision to deny oral argument amounted to a deprivation of Plaintiff's constitutional due process rights. Indeed, "[t]here is no constitutional right to oral argument on a summary judgment motion." United States v. One 1974 Porsche 911-S, 682 F.2d 283, 286 (1st Cir. 1982). Rather, the Due Process Clause of the Fifth Amendment requires that parties at the summary judgment phase be afforded "[a]n opportunity to submit written evidence and argument," but imposes no obligation upon the Court to conduct an "oral hearing" prior to the entry of judgment. Anchorage Assocs. v. Virgin Islands Bd. of Tax Review, 922 F.2d 168, 176-77 (3d Cir. 1990).

9. Here, Plaintiff had ample opportunity to submit written evidence and argument. Indeed, the Court received hundred pages of submissions from Plaintiff, and reviewed and re-reviewed these voluminous submissions in connection with the parties' cross-motions for summary judgment and Plaintiff's first motion for reconsideration. [See, e.g., Docket Items 78, 86, 88.] The Court, accordingly, acted well within its discretion under Federal Rule of Civil Procedure 78 to decide the motions without oral argument, see FED. R. CIV. P. 78(b) ("By rule or order, the court may provide for submitting and determining motions on briefs, without oral hearings), and

6

Plaintiff has provided no support for her position that oral argument would have "reminded" the Court or "made [it] aware" of any genuine issues of material fact. [Docket Item 102-1 at 5-6.] Rather, the material facts in this litigation should be have been, and were, presented in the robust record amassed by the parties in connection with the summary judgment briefing.

10. For all of these reasons, and those expressed in the Court's December 23, 2014 and February 24, 2015 Opinions, Plaintiff's second motion for reconsideration will be denied.[4] To the extent Plaintiff wishes to challenge any of these decisions, Plaintiff must, to the extent permitted by applicable law, file a notice of appeal with the Court of Appeals for the Third Circuit. See Fed. R. App. P. 4(a).

11. An accompanying Order will be entered.

**July 8, 2015**                                                 **s/ Jerome B. Simandle**
Date                                                          JEROME B. SIMANDLE
                                                                         Chief U.S. District Judge

---

[4] By letter dated April 8, 2015, Plaintiff accused Defendant of "recidivistic Ex Parte Communication[s]" with the Court's staff. [Docket Item 104 at 3-4.] No ex parte communication concerning the merits or substance of this action has taken place. Rather, the communication solely concerned a procedural inquiry into responding to the pending motion. This communication has, accordingly, had no impact on the Court's disposition of the various motions filed in this action, and gives rise to no plausible claim of prejudice.